UNITED STATES DISTRICT COURT
FOR THE EASTERN DISTRICT OF MICHIGAN
SOUTHERN DIVISION

MARK STEVEN BRYAN,

        Petitioner,

v.                                CASE NO. 2:07-CV-12628
                                 JUDGE ARTHUR J. TARNOW
                                 UNITED STATES DISTRICT JUDGE

HUGH WOLFENBARGER,

        Respondent.
_____/

**OPINION AND ORDER**
**<u>DENYING PETITION FOR WRIT OF HABEAS CORPUS</u>**

Petitioner Mark Steven Bryan, presently confined at the Pugsley Correctional Facility[1] in Kingsley, Michigan, has filed a *pro se* petition for a writ of habeas corpus, pursuant to 28 U.S.C. § 2254.  Petitioner pled guilty to second degree home invasion, M.C.L § 750.110a(3), and absconding bond in criminal

---

[1] Petitioner was incarcerated at the Macomb Correctional Facility when he originally filed his petition for writ of habeas corpus; however, he has since been transferred to the Pugsley Correctional Facility. The proper respondent in a habeas case is the habeas petitioner's custodian, which in the case of an incarcerated petitioner is the warden of the facility where the petitioner is incarcerated.  Rule 2(a) of the Rules Governing § 2254 Cases; see also *Edwards v. Johns*, 450 F. Supp. 2d 755, 757 (E.D. Mich. 2006).  In most cases where a petitioner is transferred to a different facility after the petition has been filed, the Court would order an amendment of the case caption. However, because the Court is denying the petition in this case, it finds no reason to do so.

proceedings, M.C.L § 750.199a, and to being a third-degree felony offender, M.C.L § 769.11.  The trial court sentenced Petitioner to one hundred to three hundred sixty months on the first count and to thirty-six to ninety-six months on the second count.  Petitioner argues that the trial court erred in denying his request to withdraw his guilty plea because the state breached the plea agreement, and that he is entitled to specific performance of the plea agreement.  Because the state did not breach the plea agreement, the Court DENIES the petition.

**I.   BACKGROUND**

Petitioner was charged in Bay County Circuit Court with first-degree home invasion, attempted safe breaking, and larceny in a building based on an incident that allegedly took place on or around November 30, 2003 (Case No. 04-10246) ("home invasion proceeding").  On December 2, 2003, Petitioner was arraigned on probation violation charges in case numbers 02-1100 and 03-10088 ("VOP proceeding")[2].  The probation violations stemmed from another case, No. 04-10150, in which Petitioner was charged with resisting and obstructing a police officer, having open intoxicants in a vehicle, and driving with a restricted license ("resisting and obstructing proceeding").  The court in the VOP proceeding set a bond and released Petitioner.  The court scheduled a July 8, 2004 preliminary

---

[2]Petitioner had been on probation for larceny of a building (02-1100) and possession of cocaine (03-10088).

examination in the home invasion proceeding, No. 04-10246, and Petitioner failed to show. The court revoked bond and issued a bench warrant. For this failure to appear, the state charged Petitioner with absconding bond in case No. 04-10549 ("absconding proceeding").

On December 17, 2004, the court conducted a plea hearing in the resisting and obstructing proceeding, No. 04-10150, the home invasion proceeding, No. 04-10246, and the absconding proceeding, No. 04-10549.[3] The parties placed a plea agreement in the record and signed a written plea agreement. Petitioner agreed to plead guilty to second-degree home invasion in No. 04-10246, absconding bond in No. 04-10549, as a third-time habitual offender in both. The state agreed to delay the imposition of sentencing up to six months. The state further agreed that if Petitioner successfully completed the delayed sentence, he would be allowed to withdraw his pleas and plead guilty to reduced charges of Breaking and Entering an Unoccupied Dwelling and Absconding, both with no habitual offender enhancement. The state underscored the conditional nature of this provision:

> MR. ASBURY [prosecutor]: Additionally, your Honor, I would also indicate that if the defendant does violate the terms and conditions of the delayed sentence, that his guilty plea to Home Invasion, Second Degree and Absconding with an H.O.A., Third, would proceed to sentencing.

---

[3]The court also took Petitioner's plea in the VOP proceeding; those pleas and resulting sentences are not relevant to these proceedings.

Plea Tr., p. 7 (12/17/04).  The court also highlighted this condition: "the expectation from everyone here is that the – [the charges to which you pled] will be reduced later on, but right now if you don't do what is expected of you under the plea agreement, then [thirty years is the] maximum sentence."  *Id.*, pp. 11-12. In exchange for Petitioner's plea, and other conditions, the state agreed to drop the two other counts in the home invasion proceeding, No. 04-10246, as well as all counts in the resisting and obstructing proceeding, No. 04-10150.

  The trial court proceeded to inform Petitioner of and make sure he understood each charge filed against him and the maximum penalties they carried.  The trial court asked Petitioner whether he was offering the plea freely and voluntarily and Petitioner answered yes.  The trial court asked Petitioner whether his decision to plead was the result of any threats made against him and Petitioner answered no.  The trial court found that the pleas were knowing and voluntary and accepted them.

  Because Petitioner requested permission to be able to leave the state to serve as a kidney donor for his uncle, the trial court agreed to set a personal recognizance bond in all cases.  The court also set conditions on the bond which included a requirement that he report weekly to the Probation Department.

  In January 2005, the trial court set a hearing for Petitioner to show cause why he failed to report to the Probation Department.  Petitioner failed to report twice and at least once tested positive for marijuana.  The court revoked

Petitioner's bond and agreed to reinstate it only if necessary for Petitioner to serve as kidney donor for his uncle. The court stated: "Mr. Bryan, you . . . held at one point in time the keys to the jail, but . . . by failing to report and testing positive for marijuana, that's it." Tr., p. 8 (1/10/05).

Petitioner failed to appear for sentencing on April 4, 2005. In light of this failure, in addition to his violation of probation and bond conditions, the state requested that Petitioner be sentenced on the charges to which he pled:

> MR. ASBURY: The People . . . agreed to delay the imposition of sentence . . . and if there was no further criminal behavior whatsoever and the defendant abided by all of his terms and conditions of probation, then the People would allow the defendant to withdraw his plea and then enter a plea to Breaking and Entering, Unoccupied, and Absconding with no HOA. The fact that the defendant has failed to appear in court this morning obviously is gonna result in an absconding warrant being issued. Furthermore, it's my understanding that the defendant, on several visits to the probation department had submitted a dirty urine, tested positive for marijuana, I believe on at least two occasions, maybe more. Furthermore, he failed to appear after returning back to the state of Michigan to his probation office regular visits. And with that in mind and the fact that he failed to appear this morning, we would ask that the Court enter on the record the original plea agreement which is the Home Invasion, Second, Abscond, Second, HOA-Third. That's what the defendant should be sentenced for in addition to revoking his bond and forfeiting the same, your Honor.

Tr., pp. 5-6 (4/4/05). The court took the request on sentencing under advisement until sentencing, revoked the bond and issued a bench warrant for Petitioner's arrest.

Prior to sentencing, Petitioner filed a motion to withdraw his guilty pleas.

The trial court heard the motion prior to sentencing Petitioner on November 21, 2005. The court set Petitioner for sentencing in the home invasion proceeding, No. 04-10246, the absconding proceeding, No. 04-10549, and the VOP proceedings, Nos. 02-1100 and 03-10088. Defense counsel argued that Petitioner was actually innocent of the charges to which he pled guilty and offered Petitioner's need to be released on bond to serve as a kidney donor as the explanation for his allegedly coerced pleas. The state opposed the motion:

> [The state's] opinion, your Honor, is that the defendant at the time of his plea entered a voluntary, understanding and knowingly, ah, entered a plea that was valid, and the defendant took advantage of that plea agreement and obviously he didn't live up to the terms and conditions of it, and obviously, it was an option that he had available.
>
> If he abided by all the terms and conditions of the delayed sentence, he would then be allowed to withdraw his plea and then plead to the lesser charges of Breaking and Entering [and] an additional charge. Obviously, he didn't do that and, therefore, we're requesting this Court sentence the defendant to the original plea agreement which is the Home Invasion, Second Degree and the Absconding[, with HOA3].

Sent. Tr., p. 8-9 (11/21/05).

The trial court rejected Petitioner's argument that he gave the pleas under duress. *Id.*, pp. 12-13. The trial court also rejected Petitioner's request that he be allowed to avail himself of the provision in the plea agreement allowing him to withdraw his pleas and plead to the lesser charges. The court found that Petitioner violated the delayed sentencing agreement by committing a new criminal offense when he absconded from the April 4, 2005 sentencing hearing.

*Id.*, pp. 19-21.  The court examined M.C.L. § 771.1, the statute governing delayed sentencing procedures, and found that its purpose is to give defendants time to show a sentencing court why it should be lenient in sentencing.  *Id.,* p. 19.  The court found that Petitioner had shown the court the opposite.  Under these circumstances, the court determined that it was not required to allow Petitioner to invoke the provision of the plea agreement that would authorize the withdrawal his original pleas in exchange for pleas to lesser charges.  *Id.,* pp. 20-21.

Following sentencing, Petitioner filed a delayed application for leave to appeal with the Michigan Court of Appeals and raised the same claims that he raises in this petition.  The court denied leave to appeal for lack of merit on the grounds presented.  *People v. Bryan*, No. 269859 (Mich. Ct. App. June 1, 2006) (unpublished).  The Michigan Supreme Court denied Petitioner's application for leave to appeal, which raised the same issues.  *People v. Bryan*, 477 Mich. 915 (Mich. 2006).

Petitioner raises the following issues in this case:

I.  It was an abuse of discretion for the trial court to deny defendant's motion to withdraw his plea before sentencing.

II. Defendant is entitled to specific performance of the plea agreement to allow the charges to be reduced to B & E unoccupied and absconding on bond with no habitual offender supplement.

## II.  STANDARD OF REVIEW

This court may not grant habeas relief on any claim adjudicated on the

merits in state court unless the adjudication:

> 1)   resulted in a decision that was contrary to, or involved an unreasonable application of, clearly established Federal law, as determined by the Supreme Court of the United States; or
>
> 2)   resulted in a decision that was based on an unreasonable determination of the facts in light of the evidence presented in the State court proceeding.

28 U.S.C. § 2254(d).  However, where as here the state courts issued standard brief denials of leave to appeal and did not address whether the alleged errors constituted a denial of Petitioner's constitutional rights, the deference due under section 2254(d) does not apply and habeas review of the claims is *de novo*. *Higgins v. Renico*, 470 F.3d 624, 630 (6th Cir. 2006) (citations omitted).  State court factual findings are presumed correct unless rebutted by clear and convincing evidence.  28 U.S.C. § 2254(e)(1).

## III.   DISCUSSION

Petitioner's arguments are essentially one and the same: The state breached the plea agreement by reneging on its promise to allow Petitioner to withdraw his pleas and plead to reduced charges, and the trial court erred in denying his request to withdraw the plea because of this breach.  The Court initially observes that Petitioner has no federal constitutional right or absolute right under state law to withdraw his guilty plea. *See Adams v. Burt,* 471 F. Supp. 2d 835, 843 (E.D. Mich. 2007) (internal citations omitted).  Petitioner's claims are based upon the principle that the breach of a plea agreement by the government

renders the plea agreement vulnerable to challenge under the Due Process Clause. *Mabry v. Johnson*, 467 U.S. 504, 509 (1984) (when prosecution breaches promise with respect to executed plea agreement, defendant pleads guilty on a false premise and conviction cannot stand) (discussing *Santobello v. New York*, 404 U.S. 257, 261-62 (1971)); *but see Puckett v. United States*, 129 S.Ct. 1423, 1430 n.1 (2009) (disavowing this aspect of *Mabry* and reasoning that breach by government does not render plea unknowing and involuntary, but entitles defendant to seek remedy for breach).

However, the state did not breach the plea agreement. The trial court found that while on delayed sentence, Petitioner failed to report to the Probation Department, tested positive for marijuana and most importantly in the eyes of the state trial court committed another criminal act by absconding from the April 4, 2005 sentencing hearing. Petitioner acknowledged that he'd violated the delayed sentencing agreement. Tr., p. 26 (11/21/05). The state's promise to allow Petitioner to withdraw his plea and plead to reduced charges was conditioned upon Petitioner successfully completing his delayed sentence. This condition precedent is clear from the record. Petitioner did not satisfy this condition; therefore the state's obligation did not arise and the state did not breach the plea agreement. If Petitioner failed to successfully complete delayed sentencing, the agreement was to proceed to sentencing on the claims to which he pled. Plea Tr., p. 7 (12/17/04). Petitioner understood the maximum terms he faced if that

were to occur. *Id.,* p. 11 ("Do you understand that sir? [Thirty years is] the maximum sentence if I sentenced you to the charges that you're pleading guilty to right now.") Petitioner's predicament is of his own making.

The state court decisions are neither contrary to nor an unreasonable application of clearly established Federal law in place at the time of the state court decisions in this matter. *Lockyer v. Andrade*, 538 U.S. 63, 71-72 (2003) ("clearly established federal law" for purposes of section 2254(d)(1) is the governing legal principle set forth by the United States Supreme Court at the time the state court renders its decision). Petitioner is not entitled to federal habeas relief.

## IV.  ORDER

Based upon the foregoing, IT IS ORDERED that the petition for a writ of habeas corpus is **DISMISSED WITH PREJUDICE.**


S/ARTHUR J. TARNOW
Arthur J. Tarnow
United States District Judge

Dated:  October 22, 2009

I hereby certify that a copy of the foregoing document was served upon counsel of record on October 22, 2009, by electronic and/or ordinary mail.

S/THERESA E. TAYLOR
Case Manager